**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**APR 28 2005**

**PATRICK FISHER**
**Clerk**

JAMES E. PRIDE,

      Plaintiff-Appellant,

  v.

WORLD PUBLISHING COMPANY,

      Defendant-Appellee.

No. 04-5089
(D.C. No. CV-03-166-EA)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BRISCOE** , **ANDERSON** , and **BRORBY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant James E. Pride appeals from the grant of summary judgment to defendant-appellee World Publishing Company. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff, who worked for defendant as a reporter until his termination on July 24, 2002, asserted claims against defendant for race discrimination under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e through 2000e-17. In its March 24, 2004 order granting summary judgment, the district court stated that plaintiff's statements in a pre-termination self-appraisal and in a post-termination employment application were "evidence that plaintiff agreed he was fired due to lack of productivity," Aplt. App., Vol. 2, at 544, and that "plaintiff conceded at both of his depositions that he was fired due to a lack of productivity," id. The court concluded that "plaintiff has conceded the real reason for his termination is not an illegal motive–racial discrimination–and [the court] can grant summary judgment for defendant." Id. In an order filed on May 27, 2004, the district court denied plaintiff's combined motion for reconsideration for the same reason, explaining that plaintiff had not presented evidence to undermine his concessions that he was fired for lack of productivity. See id. at 589-604.

We review the grant of summary judgment de novo, applying the same legal standard as the district court under Fed. R. Civ. P. 56(c). See Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir. 1999). Plaintiff argues that the district court erred: (1) in finding, as a matter of law, that he conceded that the real reason for his termination was not an

illegal motive; and (2) in finding that he was unable to undermine any concession he previously made.

We have reviewed the parties' materials and the district court record. We find no error, and affirm for substantially the same reasons thoroughly explained by the district court in its March 24, 2004 order.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge
